1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VEGA, JR.,<br><br>Petitioner,<br><br>v.<br><br>RONALD RACKLEY, Warden, et al.,<br><br>Respondents. | ) Case No. SACV 16-583 JVS(JC)<br>)<br>)<br>) ORDER DISMISSING PETITION<br>) FOR WRIT OF HABEAS<br>) CORPUS AND ACTION<br>) WITHOUT PREJUDICE<br>)<br>)<br>)<br>) |

12

13

14

15

16

17

18  **I.    SUMMARY**

19          On March 29, 2016, petitioner Anthony Vega, Jr. ("petitioner"), a California

20  prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas

21  Corpus ("Current Federal Petition") with multiple attached exhibits and an

22  Election Regarding Consent to Proceed Before a United States Magistrate Judge

23  which reflects that he voluntarily consents to have a United States Magistrate

24  Judge conduct all further proceedings in this case, decide all dispositive and non-

25  dispositive matters, and order the entry of final judgment.[1]  Although the Current

26  _____

27          [1]"Upon the consent of the parties," a magistrate judge "may conduct any or all
proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."

28  28 U.S.C. § 636(c)(1).  Here, petitioner is the only "party" to the proceeding and has consented to
(continued...)

1  Federal Petition purports to challenge only an "unconstitutional" "instruction

2  (CALCRIM 12.03)" (Petition at 2, 5), it is facially apparent that the Current

3  Federal Petition actually mounts a challenge to petitioner's conviction in Orange

4  County Superior Court Case No. 09NF3398 ("State Case" or "State Conviction")

5  in which the assertedly unconstitutional jury instruction was given.  (Petition at 2,

6  5-11).

7       Based on the record (including facts as to which this Court takes judicial

8  notice as detailed below) and the applicable law, the Current Federal Petition and

9  this action are dismissed without prejudice for lack of jurisdiction because

10 petitioner did not obtain the requisite authorization from the Court of Appeals to

11 file a successive petition.  Further, the Clerk of the Court is directed to refer the

12 Current Federal Petition to the United States Court of Appeals for the Ninth

13 Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[2]

14 ///

15 ///

16

17 _____

18  [1](...continued)
the jurisdiction of the undersigned U.S. Magistrate Judge.  Respondent has not yet been served

19 and therefore is not yet a party to this action.  See, e.g., Travelers Cas. & Sur. Co. of Am. v.
Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction

20 over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."
(internal quotation marks and citation omitted).  Thus, all parties have consented pursuant to

21 § 636(c)(1).  See Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that

22 magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983
for failure to state claim because prisoner consented and was only party to action); Carter v.

23 Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after

24 Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when
petitioner had consented and respondent had not yet been served with petition).

25

26  [2]Ninth Circuit Rule 22-3(a) provides in pertinent part:  "Any petitioner seeking
authorization to file a second or successive 2254 petition . . . in the district court must file an

27 application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C.
§ 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the

28 district court shall refer it to the [C]ourt of [A]ppeals."

1  **II.    PROCEDURAL HISTORY**[3]

2      **A.    State Proceedings**

3      On June 6, 2011, an Orange County Superior Court jury found petitioner

4  guilty of one count of kidnapping for robbery (count 1) and two counts of first

5  degree robbery (counts 2, 3).  The jury also found true allegations that petitioner

6  was armed with a firearm during the commission of all three offenses and had

7  acted in concert with two or more persons during the commission of the robberies.

8  The trial court sentenced petitioner to a total of seven years plus life with the

9  possibility of parole in state prison.

10     On October 2, 2012, the California Court of Appeal affirmed the judgment

11 in a reasoned decision.  On January 3, 2013, the California Supreme Court denied

12 review without comment.

13     Petitioner thereafter sought, and was denied habeas relief in the Orange

14 County Superior Court and the California Supreme Court.

15     **B.    First Federal Action**

16     On January 10, 2014, petitioner filed the First Federal Petition challenging

17 the State Conviction on the following grounds:  (1) the evidence was insufficient

18 to support petitioner's conviction for kidnapping for robbery because the

19 movement of the victim was merely incidental to the robbery and did not

20 substantially increase the risk of harm beyond the robbery; and (2) the trial court

21 improperly instructed the jury with CALCRIM No. 1203, kidnapping for robbery,

22 because the instruction purportedly omitted an element of the offense (*i.e.*, that the

23 movement of the victim must substantially increase the risk of harm to the victim).

24

25     [3]The facts and procedural history set forth in this section are derived from the Current
26 Federal Petition and supporting documents and dockets/court records in the following Central
   District of California ("CDCA") case of which this Court takes judicial notice:  Anthony Michael
27 Vega Jr. v. E. Arnold, CDCA Case No. SACV 14-39-JC ("First Federal Petition" or "First
   Federal Action").  See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir.
28 1980) (court may take judicial notice of its own records in other cases).

On June 30, 2014, this Court denied the First Federal Petition on its merits and dismissed the First Federal Action with prejudice.[4]  On the same date, judgment was entered accordingly and the Court's order denying a certificate of appealability was likewise entered.  Petitioner did not appeal.

### C.   Current Federal Petition

As noted above, on March 29, 2016, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case and is specifically directed to the same jury instruction which was a subject of the First Federal Petition.  The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[5]

### III.   DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals.  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

---

[4]In the First Federal Action all parties consented to have the undersigned United States Magistrate Judge conduct all proceedings, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

[5]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1   The court of appeals may authorize the filing of a second or successive

2   petition only if it determines that the petition makes a prima facie showing that at

3   least one claim within the petition satisfies the requirements of 28 U.S.C.

4   Section 2244(b), *i.e.*, that a claim which was not presented in a prior application

5   (1) relies on a new rule of constitutional law, made retroactive to cases on

6   collateral review by the Supreme Court; or (2) the factual predicate for the claim

7   could not have been discovered previously through the exercise of due diligence

8   and the facts underlying the claim would be sufficient to establish that, but for

9   constitutional errors, no reasonable factfinder would have found the applicant

10  guilty of the underlying offense.  Nevius v. McDaniel, 104 F.3d 1120, 1120-21

11  (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

12   A second or subsequent habeas petition is not considered "successive" if the

13  initial habeas petition was dismissed for a technical or procedural reason, rather

14  than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second

15  habeas petition not "successive" if initial habeas petition dismissed for failure to

16  exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645

17  (1998) (second habeas petition not "successive" if claim raised in first habeas

18  petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030

19  (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition

20  on the merits rendering subsequent petition "second or successive"); Henderson v.

21  Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds

22  constitutes disposition on the merits rendering subsequent petition "second or

23  successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc.,

24  514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on

25  the merits) (citations omitted).

26   Petitioner's First Federal Petition was denied on its merits – not for a

27  technical or procedural reason.  Accordingly, the Current Federal Petition is

28  ///

1  successive.  Since petitioner filed the Current Federal Petition without

2  authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

3  **IV.    ORDER**

4          IT IS THEREFORE ORDERED that the Current Federal Petition and this

5  action are dismissed without prejudice.  The Clerk of the Court is directed to refer

6  the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule

7  22-3(a).

8          IT IS SO ORDERED.

9

10  DATED:  March 30, 2016                          _____/s/_____

11                                                  Honorable Jacqueline Chooljian
                                                    UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28